IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

JANICE L. PHILLIPS                                                                    PLAINTIFF

v.                              CIVIL NO. 06-3046

MICHAEL J. ASTRUE,[1] Commissioner
Social Security Administration                                                         DEFENDANT

## MEMORANDUM OPINION

Plaintiff Janice L. Phillips brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying her claim for supplemental security income (SSI) benefits under the provisions of Title XVI of the Social Security Act (Act).

**Procedural Background:**

Plaintiff filed a SSI application on September 11, 2003, alleging an inability to work since September 2, 1996, due to a back disorder, arthritis, allergies and anxiety. (Tr. 47-49). An administrative hearing was held on July 14, 2005. (Tr. 155-180). Plaintiff was informed of her right to obtain representation but chose to proceed with the hearing on her own. (Tr. 157-160).

By written decision dated August 10, 2005, the ALJ found that plaintiff has an impairment or combination of impairments that are severe. (Tr. 20). However, after reviewing all of the evidence presented, he determined that plaintiff's impairments do not meet or equal the

---

[1] Michael J. Astrue became the Social Security Commissioner on February 12, 2007. Pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure, Michael J. Astrue has been substituted for acting Commissioner Jo Anne B. Barnhart as the defendant in this suit.

level of severity of any impairment listed in the Listing of Impairments found in Appendix I, Subpart P, Regulation No. 4. (Tr. 20). The ALJ found plaintiff retained the residual functional capacity (RFC) to perform a full range of light work. (Tr. 21). The ALJ, with the use of the Medical-Vocational Guidelines (Grids), found plaintiff was not disabled. (Tr. 21).

Plaintiff appealed the decision of the ALJ to the Appeals Council. Plaintiff's request for review of the hearing decision by the Appeals Council was denied on June, 16, 2006. (Tr. 2). When the Appeals Council declined review, the ALJ's decision became the final action of the Commissioner. Plaintiff now seeks judicial review of that decision. (Doc. #1). Both parties were afforded the opportunity to file an appeal brief; however, only defendant chose to do so. (Doc. # 8). This case is before the undersigned pursuant to the consent of the parties.

**Applicable Law:**

This court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *Ramirez v. Barnhart*, 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. *Edwards v. Barnhart*, 314 F.3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the court would have decided the case differently. *Haley v. Massanari*, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record it is possible to draw two inconsistent positions from the

evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed.  *Young v. Apfel*, 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving her disability by establishing a physical or mental disability that has lasted at least one year and that prevents her from engaging in any substantial gainful activity.  *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir.2001); *see also* 42 U.S.C. § § 423(d)(1)(A), 1382c(a)(3)(A).  The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques."  42 U.S.C. § § 423(d)(3), 1382(3)(c).  A plaintiff must show that her disability, not simply her impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require him to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant has engaged in substantial gainful activity since filing her claim; (2) whether the claimant has a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) meet or equal an impairment in the listings; (4) whether the impairment(s) prevent the claimant from doing past relevant work; and, (5) whether the claimant is able to perform other work in the national economy given her age, education, and experience.  *See* 20 C.F.R. § 416.920.  Only if the final stage is reached does the fact finder consider the plaintiff's age, education, and work experience in light of her residual functional capacity.  *See McCoy v. Schwieker*, 683 F.2d 1138, 1141-42 (8th Cir. 1982); 20 C .F.R. §  416.920.

AO72A
(Rev. 8/82)

**Discussion:**

The ALJ has a duty to fully and fairly develop the record. It is incumbent upon the ALJ to establish by medical evidence that the claimant has the requisite RFC and to question a claimant in detail about her abilities.

In making this disability determination, the ALJ notes plaintiff has been diagnosed with hypertension and that treatment has been "generally" successful in controlling her blood pressure. (Tr. 16, 18). The ALJ states that while plaintiff has had some problems with uncontrolled blood pressure the evidence shows plaintiff has been followed by a physician and that she has responded relatively well to medication adjustments. (Tr. 18).

Our review of the medical evidence reveals that since being diagnosed with hypertension in July of 2004, plaintiff underwent frequent medication changes for her hypertension due to medication side effects or its inability to control her blood pressure. (Tr. 104-109,112, 115-120, 122). The last treatment note concerning her hypertension reveals plaintiff's complaints of experiencing vertigo after starting her new medication. (Tr. 104). Plaintiff was diagnosed with hypertension over one year after her general physical examination in July of 2003, and the only medical evidence discussing her hypertension notes plaintiff's complaints of side effects from the medication and continued dizziness. Plaintiff testified at the hearing in July of 2005 that she continued to experience dizziness. (Tr. 167 ).

After reviewing the entire evidence or record, we believe remand is necessary so that the record can be further developed regarding plaintiff's physical RFC. On remand, the ALJ should direct interrogatories to plaintiff's treating/examining physicians– including Dr. Knight-- inquiring as to the exact physical limitations plaintiff experiences as a result of her impairments

4

and the objective basis for their opinions so that an informed decision can be made regarding plaintiff's ability to perform basic work activities on a sustained basis. *Chitwood v. Bowen*, 788 F.2d 1376, 1378 n.1 (8th Cir. 1986); *Dozier v. Heckler*, 754 F.2d 274, 276 (8th Cir. 1985).

We are further concerned with the ALJ's failure to address Dr. Abraham's opinion that x-rays of plaintiff's knees "would be helpful in determining disability." (Tr. 91). While the ALJ acknowledged Dr. Abraham's other findings and used them to make his disability determination, he failed to address Dr. Abraham's opinion that x-rays of plaintiff's knees would be beneficial. We strongly recommended that the ALJ obtain this evidence on remand.

After the above evidence has been obtained, the ALJ should then re-evaluate plaintiff's RFC and re-question the vocational expert based on the new RFC assessment.

With regard to plaintiff's alleged mental impairment, the ALJ found that plaintiff did not have a severe mental impairment. The ALJ points out that although plaintiff reported feeling anxious and stressed and was prescribed Tranxene, the evidence does not establish that plaintiff has sought or received mental health treatment consistent with a severe mental health disorder. *See Jones v. Callahan*, 122 F.3d 1148, 1153 (8th Cir. 1997) (ALJ properly concluded claimant did not have a severe mental impairment, where claimant was not undergoing regular mental-health treatment or regularly taking psychiatric medications, and where his daily activities were not restricted from emotional causes). We find substantial evidence to support the ALJ's determination that plaintiff does not have a severe mental impairment.

**Conclusion:**

Accordingly, we conclude that the ALJ's decision is not supported by substantial evidence, and therefore, the denial of benefits to the plaintiff, should be reversed and this matter

should be remanded to the Commissioner for further consideration pursuant to sentence four of 42 U.S.C. § 405(g).

DATED this 1st day of August 2007.

/s/ J. Marschewski
HON. JAMES R. MARSCHEWSKI
UNITED STATES MAGISTRATE JUDGE