IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

JANICE L. PHILLIPS                                                                  PLAINTIFF

v.                          CIVIL NO. 06-3046

MICHAEL J. ASTRUE,[1] Commissioner
Social Security Administration                                                      DEFENDANT

**O R D E R**

Plaintiff Janice L. Phillips appealed the Commissioner's denial of benefits to this court. On August 1, 2007, judgment was entered remanding plaintiff's case to the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g). (Doc. # 10).  On October 29, 2007, plaintiff moved for an award of $1,847.02 in attorney's fees and costs under 28 U.S.C. § 2412, the Equal Access to Justice Act (hereinafter "EAJA"), requesting compensation for 10.25 attorney hours of work before the court at an hourly rate of $150.00, 3.50 paralegal hours at an hourly rate of $75.00 and $47.02 in expenses. (Doc. # 11, 13).  Defendant has filed a response, expressing no objection to this award. (Doc.# 14).

**§ 406 Fees:**

Statutory provision for the award of attorney's fees is found in 42 U.S.C. § 406(b)(1). We find this request is premature, in that there has been no submission of evidence indicating plaintiff has been successful upon remand and has been awarded benefits from which an

---

[1] Michael J. Astrue became the Social Security Commissioner on February 12, 2007.  Pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure, Michael J. Astrue has been substituted for acting Commissioner Jo Anne B. Barnhart as the defendant in this suit.

AO72A
(Rev. 8/82)

appropriate fee may be paid. The fee awarded an attorney under 42 U.S.C. § 406 is paid out of any past-due benefits to which the claimant is entitled. See 42 U.S.C. § 406(a), (b); 20 C.F.R. § 404.1720(b)(4).

**EAJA Fees:**

Pursuant to 28 U.S.C. § 2412(d)(1)(A), the court must award attorney's fees to a prevailing social security claimant unless the Commissioner's position in denying benefits was substantially justified. The burden is on the Commissioner to show substantial justification for the government's denial of benefits. *Jackson v. Bowen*, 807 F.2d 127, 128 (8th Cir. 1986). After reviewing the file, we find plaintiff is a prevailing party in this matter. Under *Shalala v. Schaefer*, 509 U.S. 292, 302 (1993), a social security claimant who obtains a sentence-four judgment reversing the Commissioner's denial of benefits and remanding the case for further proceedings is a prevailing party.

An award of attorney's fees under the EAJA is appropriate even though at the conclusion of the case, plaintiff's attorney may be authorized to charge and collect a fee pursuant to 42 U.S.C. § 406(b)(1). Recovery of attorney's fees under both the EAJA and 42 U.S.C. § 406(b)(1) was specifically allowed when Congress amended the EAJA in 1985. *Gisbrecht v. Barnhart,* 535 U.S. 789, 796, 122 S.Ct. 1817, 1822, 152 L.Ed.2d 996 (2002), citing Pub.L. 99-80, § 3, 99 Stat. 186 (1985).

> To permit a fee award under the EAJA, assuming, of course, that the necessary standard is met, in addition to that allowed by the district court out of a claimant's past-due benefits does no more than reimburse the claimant for his or her expenses and results in no windfall for the attorney.

*Meyers v. Heckler,* 625 F.Supp. 228, 231 (S.D.Ohio 1985). Furthermore, awarding fees under both acts facilitates the purposes of the EAJA, which is to shift to the United States the prevailing party's litigation expenses incurred while contesting unreasonable government action. *Id. See also*, *Cornella v. Schweiker,* 728 F.2d 978 (8th Cir.1984).

In determining a reasonable attorney's fee, the court will in each case consider the following factors: time and labor required; the difficulty of questions involved; the skill required to handle the problems presented; the attorney's experience, ability, and reputation; the benefits resulting to the client from the services; the customary fee for similar services; the contingency or certainty of compensation; the results obtained; and the amount involved. *Allen v. Heckler,* 588 F.Supp. 1247 (W.D.N.Y. 1984).

However, the EAJA is not designed to reimburse without limit. *Pierce v. Underwood,* 487 U.S. 552, 573 (1988). The district court is "in the best position to evaluate counsel's services and fee request, particularly when the court has had the opportunity to observe firsthand counsel's representation on the substantive aspects of the disability claim." *Hickey v. Secretary of HHS,* 923 F.2d 585, 586 (8th Cir.1991)*, quoting Cotter v. Bowen, 879 F.2d 359, 361 (8th Cir.1989).* The court can determine the reasonableness and accuracy of a fee request, even in the absence of an objection by the Commissioner. *See Decker v. Sullivan,* 976 F.2d 456, 459 (8th Cir.1992) ("Although the issue was not raised on appeal, fairness to the parties requires an accurately calculated attorney's fee award.").

The EAJA further requires an attorney seeking fees to submit "an itemized statement...stating the actual time expended and the rate at which fees and other expenses were computed." 28 U.S.C. § 2412(d)(1)(B). Attorneys seeking fees under federal fee-shifting

3

statutes such as the EAJA are required to present fee applications with "contemporaneous time records of hours worked and rates claimed, plus a detailed description of the subject matter of the work." *Id.* Where documentation is inadequate, the court may reduce the award accordingly. *Hensley v. Eckerhart,* 461 U.S. 424, 433 (1983).

*The Contract with America Advancement Act of 1996*, passed on March 29, 1996, amended the EAJA and increased the statutory ceiling for EAJA fee awards from $75.00 to $125.00 per hour. *See* 28 U.S.C. § 2 412(d)(2)(A).

Plaintiff's counsel requests attorney's fees under EAJA at a rate of $150.00 an hour based on an increase in the cost of living. Attorney's fees may not be awarded in excess of $125.00 per hour - the maximum statutory rate under § 2412(d)(2)(A) - unless the court finds that an increase in the cost of living or a special factor such as the limited availability of qualified attorneys justifies a higher fee. 28 U.S.C. § 2412(d)(2)(A). The decision to increase the hourly rate is not automatic and remains at the discretion of the district court. *McNulty v. Sullivan*, 886 F.2d 1074 (8th Cir. 1989). In *Johnson v. Sullivan*, 919 F.2d 503 (8th Cir. 1990), the court stated that the hourly rate may be increased when there is "uncontested proof of an increase in the cost of living sufficient to justify hourly attorney's fees of more than $75.00 an hour," such as a copy of the Consumer Price Index. Plaintiff's counsel has attached a summary of the Consumer Price Index as an exhibit to his Memorandum of Law (Doc. # 13) and has presented evidence of an increase in the cost of living. Therefore, the undersigned believes his argument for enhanced fees based on a cost of living increase has merit. Accordingly, we find that plaintiff's counsel is entitled to an award at the rate of $150.00 per hour.

Plaintiff's counsel has also requested 3.50 paralegal hours of work at the rate of $75.00 per hour. We find the hourly rate should be reduced to $65.00 per hour.

We next address the number of hours plaintiff's counsel claims were spent working on this case. Plaintiff's counsel seeks a total of 3.00 attorney hours and 1.75 paralegal hours of work from June 22, 2006, through July 17, 2006. The Complaint was not filed in this court until July 19, 2006. (Doc. # 1). We note, time spent at the administrative level is not compensable under the EAJA. *See Cornella v. Schweiker*, 728 F.2d 978, 988-89 (8th Cir. 1984). A thorough review of the time submitted on the above referenced dates shows that some of the time was clearly in preparation for the filing of the Complaint with this court. However, we find that 3.00 attorney hours in client conferences to be excessive. Therefore, we will allow 1.00 attorney hour and 1.00 paralegal hour for the time submitted on the above referenced dates. Accordingly, 2.00 attorney hours and 0.75 paralegal hours must be deducted from the total compensable time sought by counsel.

Plaintiff's counsel seeks 0.50 attorney hour on August 16, 2007 (preparation of the request for reconsideration. Letter to SSA with request for reconsideration, SSA-1696 and contract. Review of file), from which we deduct 0.50 hour; 0.25 attorney hour on December 4, 2006 (receipt and review of letter from SSA regarding program called Ticket to Work and Self-Sufficiency. Review of file), from which we deduct 0.25 hour; 0.25 attorney hour on December 12, 2006 (receipt and review of letter from SSA SSI with notice of change of payment. Review of file), from which we deduct 0.25 hour; and 0.25 attorney hour on September 28, 2007 (receipt and review of letter from SSA with notice of order of Appeals Council remanding case to ALJ. Review of file), from which we deduct 0.25 hour. As stated above, work performed at the

administrative level is not compensable under the EAJA. *See Cornella v. Schweiker*, 728 F.2d 978 at 988-89. We would further point out that it appears the time for work submitted on August 16, 2007, December 4, 2006, and December 12, 2006, does not pertain to the application for benefits at issue before this court. Accordingly, we deduct 1.25 attorney hours from the total number of compensable hours sought.

Plaintiff counsel seeks 0.25 attorney hour on July 19, 2006 (letter from ALJ Jones with Order re Forma Pauperis. Review of file), from which we deduct 0.15 hour; and 0.25 attorney hour on November 22, 2006 (receipt and review of letter from ALJ Jones regarding briefing schedule. Review of file), from which we deduct 0.15 hour. Due to the dates of the above work submissions, we believe plaintiff's counsel meant to indicate these letters were actually Orders from this court. We will allow five or six minutes for plaintiff's counsel to review these documents. However, in the future this court will not allow time for work if the time sheet does not give proper explanation of the work performed. We also find the 0.25 attorney hour submitted on November 6, 2006 (letter from US Department of Justice with Consent for Jurisdiction. Review of file), is excessive and we will reduce the time allowed to 0.10 hour. Accordingly, we deduct 0.45 attorney hour from the total number of compensable hours sought.

Plaintiff's counsel seeks a total of 4.00 attorney hours on August 16, 2007, November 7, 2006, November 29, 2006, and August 8, 2007. We will allow 2.00 attorney hours for time spent discussing the status of plaintiff's case. We would point out that after filing the Complaint on behalf of plaintiff, plaintiff's counsel filed nothing with this court until the motion for attorneys fees. Furthermore, the submission on November 7, 2006, fails to indicate the subject

matter for the conference. Accordingly, we deduct 2.00 attorney hours from the total number of compensable hours sought.

Plaintiff's counsel submitted 0.25 paralegal hour on July 21, 2006(letter from DDSA with file-marked copy of complaint with attachments. Review of file), from which we deduct 0.25 hour; 0.75 hour on September 21, 2006 (letters to parties perfecting service. Review of file), from which we deduct 0.50 hour; 0.50 paralegal hour on August 2, 2007 (preparation of affidavit of plaintiff. Letter to client with affidavit of plaintiff to sign and return. Review of file), from which we deduct 0.40 hour; and 0.25 hour on August 10, 2007 (receipt and review of letter from client with affidavit of plaintiff. Review of file), from which we deduct 0.25 hour. This time cannot be compensated, in full, under the EAJA. *Granville House, Inc. v. Department of HEW*, 813 F.2d 881, 884 (8th Cir.1987) (work which could have been completed by support staff is not compensable under the EAJA). Accordingly, we deduct 1.40 paralegal hours from the total number of compensable hours sought.

Finally, counsel seeks reimbursement for $47.02 in expenses incurred with regard to postage and photocopies. Such expenses are recoverable under the EAJA and we find $47.02 to be a reasonable award. *See Kelly v. Bowen*, 862 F.2d 1333, 1335 (8th Cir. 1988).

Accordingly, we find that counsel is entitled to compensation under the EAJA for: 4.55 (10.25-5.70) attorney hours, at the hourly rate of $150.00, 1.35 (3.50-2.15) paralegal hours, at the hourly rate of $65.00, and for $47.02 in expenses, for a total attorney's fee award of $817.27. This amount should be paid in addition to, and not out of, any past due benefits which plaintiff may be awarded in the future.

AO72A
(Rev. 8/82)

The parties are reminded that the award herein under the EAJA will be taken into account at such time as a reasonable fee is determined pursuant to 42 U.S.C. § 406, in order to prevent double recovery by counsel for the plaintiff.

IT IS SO ORDERED this 29th day of November 2007.

/s/ *J. Marschewski*
HON. JAMES R. MARSCHEWSKI
UNITED STATES MAGISTRATE JUDGE